**Ming–Kun XU, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

No. 03–40988–AG NAC.

United States Court of Appeals, Second Circuit.

Dec. 9, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

Ming–Kun Xu, through counsel, petitions for review of the BIA order affirming the immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the IJ decision, as modified by the BIA, where, as here, the BIA has adopted only part of the IJ decision. *See Xue Hong Yang v. United States Dep't of Justice,* No. 03–40774, 2005 WL 2496373 (2d Cir. Oct.11, 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

In this case, the IJ's factual and credibility determinations were substantially supported by the record as a whole. The IJ's factual determination that at least one document material to Xu's asylum claim was false, was supported by a forensics report indicating that the certificate used to record his wife's family planning examinations contained a photo that had been substituted for the original photo in the document, among other alterations. The IJ's credibility determination was based on specific examples in the record of Xu's inconsistent and contradictory testimony regarding when he had learned about his wife's forced IUD insertion and forced sterilization. The IJ, who was in the unique position to observe Xu testify, acted within her authority when she took into account Xu's demeanor in reaching this decision. *See Diallo,* 232 F.3d at 290.

Yong Wang, New York, New York, for Petitioner.

Paul I. Perez, United States Attorney, Karin B. Hoppmann, Susan Humes Raab, Assistant United States Attorneys, Jacksonville, Florida, for Respondent.

Present: JACOBS, KATZMANN, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

mer Attorney General John Ashcroft as a respondent in this case.

For the foregoing reasons, the petition for review is DENIED.

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).